UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | No. 3:09-CR-120-P |
| | § | |
| v. | § | |
| | § | |
| JOEL WILLIAM PETERSEN (5) | § | |

GOVERNMENT'S RESPONSE TO DEFENDANT PETERSEN'S MOTION FOR
DISCOVERY AND PRODUCTION OF EVIDENCE

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

1. The government is cognizant of the defendants' rights to discovery and inspection and to disclosure of exculpatory evidence, and will fully comply with the discovery requirements of Rule 16, Fed. R. Crim. P.; Title 18, United States Code, Section 3500 (Jencks Act); and Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194 (1963) and its progeny. Furthermore, the Government is aware of its obligations under Giglio v. United States, 405 U.S. 150, 92 S. Ct. 763 (1972), and its progeny and will comply therewith.

2. More specifically, the United States agrees, pursuant to Rule 16, Fed. R. Crim. P., to permit the defendant to inspect and copy or photograph:

(a) Any relevant written or recorded statements made by the defendant, or copies thereof, within the possession, custody or control of the government, the existence of which is known or by the exercise of due diligence may become known, to the attorney for the government;

(b)  The substance of any oral statement which the government intends to offer in evidence at the trial made by the defendant whether before or after arrest in response to interrogation by any person then known to the defendant to be a government agent.

(c)  Such copy of defendant's prior criminal record, if any, as is within the possession, custody or control of the government, the existence of which is known or by the exercise of due diligence may become known, to the attorney for the government.

(d)  Any books, papers, documents, photographs, tangible objects, or copies of portions thereof, which are within the possession, custody or control of the government, and which are material to the preparation of his defense, or are intended for use by the government as evidence in chief at the trial, or were obtained from or belong to the defendant.

(e) Any results or reports of physical or mental examinations and/or scientific tests or experiments, or copies thereof, which are within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and which are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial.

(f) Any written summary of testimony the Government intends to use under Rules 702, 703, or 705 of Fed.R. Ev. during its case in chief describing the witness's opinions, the bases and reasons for such, and the witness's qualifications.

3.  The Government will produce any and all evidence which would tend to exculpate the defendant (that is, evidence which is favorable and material to the defense), or which would constitute impeachment of government witnesses, or which would serve to mitigate punishment if any be imposed in this case.  This includes and is not limited to the following:

(a) Any evidence tending to show threats, promises, payments or inducements made by the government or any agent thereof which would bear upon the

credibility of any government witness.

(b) Any statement of any government witness which is inconsistent with his accusatory statement which lead to the indictment in this case.

(c) Any statement of any government witness which is inconsistent with testimony at trial.

(d) Any prior conviction of any government witness, which involved dishonesty or false statement, or for which the penalty was death or imprisonment in excess of one year under the law under which he was convicted, if any.

(e) Any pending criminal charges against any government witness.

(f) Any specific instances of conduct of any government witness which would tend to show character for untruthfulness.

4. As to any evidence which is arguably subject to disclosure, but which the government elects not to disclose, the government will submit such material to the Court for <u>in camera</u> inspection.

5. The government opposes any requests for discovery or disclosure which exceed those covered in this statement.

        Respectfully submitted,

        JAMES T. JACKS
        Acting United States Attorney

        *s/ Christopher Stokes*
        CHRISTOPHER STOKES
        Assistant United States Attorney
        SBOT # 19267600
        1100 Commerce, Third Floor
        Dallas, Texas 75242
        214-659-8676, christopher.stokes@usdoj.gov

CERTIFICATE OF SERVICE

      I certify that on this the 20th day of July, 2009, a true and correct copy of this instrument was served by ECF opposing counsel.

                                          *s/   Christoper Stokes*
                                          Christopher Stokes
                                          Assistant U.S. Attorney